RIB LAKE LUMBER COMPANY, Appellant, vs. CONWAY and others (constituting the Wisconsin Tax Commission), Respondents.

*June 6—September 12, 1933.*

414

For the appellant there was a brief by *Lines; Spooner & Quarles,* attorneys, and *Chas. B. Quarles* and *Leo Mann* of counsel, all of Milwaukee, and oral argument by *Chas. B. Quarles.*

For the respondents there was a brief by the *Attorney General* and *F. C. Seibold,* assistant attorney general, and oral argument by *Mr. Seibold.*

The following opinion was filed June 29, 1933:

ROSENBERRY, C. J. The applicable provision of the income tax act is now sec. 71.03, which provides:

"Every corporation, joint stock company or association shall be allowed to make from its gross income the following deductions:

"(2) . . . interest paid during the year in the operation of the business from which its income is derived."

In determining whether or not the interest paid by the Delaware Company upon its debentures was deductible the Tax Commission said:

"As no new assets came to the taxpayer by reason of its bond issue, and as that issue was merely used to secure the bonds of the parent company, the interest on the $4,000,000 is no more deductible than the interest on the 1905 issue would have been. Nor is the interest deductible after the bonds were acquired by the parent company in 1928. There is no showing that the parent company advanced any money to taxpayer which was used in carrying on its business in Wisconsin and no showing that the $4,000,000 bond issue was given in exchange for any such advances."

It appears without dispute that the property acquired by the Delaware corporation, by virtue of the transactions already outlined, had a sound value of approximately $6,000,000. It cannot be denied that in payment for the property thus acquired by it the Delaware Company issued

its capital stock for $100,000 and its debentures for $4,000,000 and assumed certain current obligations of the Wisconsin subsidiaries. It is by virtue of that transaction that the Delaware Company acquired title to this property. If the Leather Company had been a stranger corporation and the Delaware Company had received title to property worth $6,000,000, had issued therefor its capital stock for $100,000 and its debentures in the amount of $4,000,000 and assumed certain liabilities, no question could be raised as to the validity or legal effectiveness of the transaction. When the Tax Commission says that no new assets came to the taxpayer, it is quite evidently in error, for it was by the issue of the debentures and the assumption of certain liabilities and the issuance of the $100,000 of capital stock that the Delaware Company acquired title to $6,000,000 worth of property. What the Leather Company did with the securities which it received on the sale of assets owned by it to the Delaware Company cannot affect the legality of the transfer of assets to the Delaware Company and payment therefor by the issue of stock and debentures.

It is indisputably true that the ultimate ownership of all Wisconsin property when the transaction began was in the Leather Company by reason of its ownership of the capital stock of the Wisconsin subsidiary. It is equally true that when the transaction was complete, the ultimate ownership was still in the Leather Company by reason of its ownership of the capital stock of the Delaware Company. While this revision of the capital structure may result in making certain earnings of the Delaware Company deductible because paid out by way of interest instead of dividends, we find no provision either in the laws of Wisconsin or the state of Delaware which makes such unusual apportionment between capital stock and bonds issued illegal.

The question presented here is for what income tax the Delaware Company is liable under the laws of Wisconsin?

The state has assumed since 1925 to assess the Delaware Company and so recognized its separate corporate existence. Whether or not the Tax Commission might in the beginning have treated the Delaware Company as in fact a mere agent of the Leather Company transacting business for it in the state of Wisconsin and assessable as agent on account of Wisconsin business, it is not necessary for us to inquire. The state did not so proceed, and had it so proceeded the result might have been no taxable income on account of Wisconsin operations. It is quite apparent that the state must proceed upon one theory or the other. It cannot go part way on one theory and part way on the other. Having sought to levy a tax against the Delaware corporation, it must find taxable income in the hands of the Delaware corporation subject to Wisconsin taxation before it can levy a tax. It is not disputed that the Delaware Company is operating a general lumbering business in the state of Wisconsin. In such a business its capital must in part at least be invested in timber lands. We know of no case where a lumber company has been denied the right to deduct interest on amounts owing by it on account of timber lands purchased to be utilized in its business. While it may appear to the ordinary person as it does to us that a disproportionate amount of its investment is represented by debentures, we find no limitation upon its power to cause its assets to take that form if it so chooses. The mere fact that the capital stock and the debentures are owned by the Leather Company does not authorize the Tax Commission to inquire into the affairs of the Leather Company when it is levying a tax against the Delaware Company.

No attack is made upon the valuation placed upon the Wisconsin properties as of December 31, 1924, that being approximately the time at which they were taken over by the Delaware Company. The whole financial set-up is disclosed by Schedule 6, which is reproduced on pp. 418, 419.

Schedule 6.

# RIB LAKE LUMBER COMPANY OF DELAWARE.

## Schedule Showing Transfer of Assets and Liabilities.

| | Copper River Land Company. | Dec. 31, 1924 Rib Lake Lumber Company of Wisconsin. | Total. | Adjustment. | | Jan. 24, 1925 Rib Lake Lumber Company of Delaware. |
|---|---|---|---|---|---|---|
| | | | | Dr. | Cr. | |
| Land | $380,785.44 | $ 426,584.41 | $ 807,369.85 | $3,305,126.82 | | $4,112,496.67 |
| Machinery and Town Property | | 361,380.24 | 361,380.24 | 7,857.44 | | 369,237.68 |
| Train Roads & Equipment | | 349,467.45 | 349,467.45 | | 7,808.72 | 341,658.73 |
| F. & F. Teams | | 39,982.81 | 39,982.81 | | 39,982.81 | |
| Bills & Accounts Receivable | 100,732.62 | 39,542.57 | 140,275.19 | | 140,275.19 | |
| Cash | | 10,781.68 | 10,781.68 | | 1,533.68 | *9,248.00 |
| Stock of Goods | | 424,052.72 | 424,052.72 | | | 424,052.72 |
| Raw Material | | 241,893.36 | 241,893.36 | | | 241,893.36 |
| Unearned Insurance | | 384.27 | 384.27 | | | 384.27 |
| Deficit | 194,174.24 | | 194,174.24 | | 194,174.24 | |
| Wisconsin Central Railway—General Account | | | | 1,720.00 | | 1,720.00 |
| Uncollected Accident Claims | | | | 269.45 | | 269.45 |
| Telephone Line | | | | 1,222.38 | | 1,222.38 |
| Central Leather Company | | | | 16,685.65 | | 16,685.65 |
| Freight Claim Account | | | | 128.08 | | 128.08 |
| Furniture & Fixtures | | | | 507.25 | | 507.25 |
| Stationery & Supplies | | | | 535.58 | | 535.58 |
| Expense Accounts | | | | 76,208.44 | | 76,208.44 |
| | 675,692.30 | 1,894,069.51 | 2,569,761.81 | | | 5,596,248.26 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Capital Stock | 100,000.00 | 400,000.00 | 500,000.00 | 400,000.00 | | 100,000.00 |
| Capital Surplus | 450,000.00 | | 450,000.00 | 450,000.00 | | |
| Accrued Taxes | 15,268.95 | 26,506.96 | 41,775.91 | | | 41,775.91 |
| Central Leather Company Advances | 110,423.35 | 1,202,127.57 | 1,312,550.92 | | 11,211.31 | 1,323,762.23 |
| Surplus | | 22,361.77 | 22,361.77 | 22,361.77 | | |
| Bills and Accounts Payable | | 131,260.60 | 131,260.60 | 131,260.60 | | 111,812.61 |
| Depreciation Reserves | | 111,812.61 | 111,812.61 | | 15.00 | 15.00 |
| Reserved Land Expense | | | | | 3,756.01 | 3,756.01 |
| Camp Pay Roll | | | | | 14,842.73 | 14,842.73 |
| Central Pennsylvania Lumber Company | | | | | 4,000,000.00 | 4,000,000.00 |
| Gold Debentures | | | | | 283.77 | 283.77 |
| Unclaimed Wages | | | | | | |
| | 675,692.30 | 1,894,069.51 | 2,569,761.81 | 4,413,883.46 | 4,413,883.46 | 5,596,248.26 |

Note:  * No records to verify.  Balancing figures assets and liabilities.

The item "Land," which includes timber that appears in the combined schedule of assets of the Rib Lake Lumber Company of Wisconsin and the Copper River Land Company, was written up from $807,369.85 to $3,305,126.82 as a result of a cruise and appraisal, and no claim is made that it was intentionally overvalued. In fact it affirmatively appears that the assets had a sound value equal to the amount fixed in Schedule 6. In the assessment against the Delaware Company, we fail to perceive upon what ground the Tax Commission can take into consideration the affairs of the owner of the capital stock of the company. What the owner of the capital stock or the debentures does with its stock or debentures is immaterial. If the stock and debentures are issued for and represent assets received by the company equal at least in value to the amount of stock and debentures issued, that closes the transaction as between the Delaware Company and its stockholders and owners of its debentures. Thereafter if the Delaware Company is to be assessed for income tax, it must be on account of earnings made by the Delaware Company. If the Tax Commission were proposing to assess the Leather Company on account of operations by its agent, a different question would be presented.

It is considered that the taxpayer was entitled to the deduction for interest paid in the operation of its business during the year from which its income was derived.

*By the Court.*—Judgment appealed from is reversed, with directions to enter judgment setting aside the reassessment so far as it disallows deduction of interest paid on debentures.

A motion for a rehearing was denied, without costs, on September 12, 1933.